*Gibson v. SCE Grp., Inc., et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand twenty-three.

PRESENT:

> ROSEMARY S. POOLER,
> SUSAN L. CARNEY,
> BETH ROBINSON,
> > *Circuit Judges*.

———————————————————————

CIELO JEAN GIBSON, JESSICA BURCIAGA, PAOLA CANAS, JOANNA KRUPA, SARA UNDERWOOD, BRITTANY WILCOX, JESSICA ROCKWELL, TAL BERKOVITCH, TIFFANY SELBY, VIDA GUERRA, ALICIA WHITTEN, ANYA MONZIKOVA, ASHLEY VICKERS, CARISSA ROSARIO, CORA SKINNER, EVA PEPAJ, IRINA VORONINA, JAMILLETTE GIAXIOLA, URSULA MAYES, JESSA HINTON, SHEENA LEE WEBER,

> *Plaintiffs-Appellants*,

BROOKE TAYLOR,

> *Plaintiff*,

v.                                                                      No. 22-916

SCE GROUP, INC., DBA SIN CITY CABARET, 21 GROUP, INC., DBA SHOW PALACE GENTLEMEN'S CLUB,

*Defendants-Third-Party-Plaintiffs-Appellees,*

THE CREATIVE COMPLEX, INC., PIXEL ROBOT, LLC, LR GRAPHICS, LLC, DBA SIKGRFX,

*Defendants-Third-Party-Defendants,*

LAMBROS MOUMOURIS,

*Defendant-Third-Party-Plaintiff,*

LUIS J. RAMIREZ,

*Third-Party-Defendant.*

_____

| | |
|---|---|
| FOR APPELLANTS: | JOHN V. GOLASZEWSKI, The Casas Law Firm, P.C., New York, NY. |
| FOR APPELLEES: | DON R. SAMPEN, Clausen Miller P.C., Chicago, IL (Thomas D. Jacobson, Clausen Miller P.C., New York, NY, *on the brief*). |

Appeal from an order and judgment of the United States District Court for the Southern District of New York (Ramos, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 17, 2019 order granting partial summary judgment for Defendants is **AFFIRMED**, and the March 28, 2022 judgment for damages to Plaintiff Burciaga is **AFFIRMED**.

Plaintiffs-Appellants appeal the district court's July 17, 2019 order granting partial summary judgment to Defendants-Appellees on their claims for false endorsement under section 43(a) of the Lanham Act, and violations of New York Civil Rights Law ("NYCRL") sections 50 and 51 (hereinafter the "July 17 order").[1] *See Gibson v. SCE Grp., Inc.*, 391 F. Supp. 3d 228 (S.D.N.Y. 2019). Plaintiff-Appellant Jessica Burciaga also appeals a judgment entered on March 28, 2022, awarding her $5,000 (hereinafter the "March 28 judgment"). *See Gibson v. SCE Grp., Inc.*, No. 15-cv-8168 (ER), 2022 WL 901591 (S.D.N.Y. Mar. 25, 2022). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

Plaintiffs-Appellants are twenty models and the sister of a model. They filed this action because Defendants-Appellees—two nightclubs that feature partially nude dancers—used Plaintiffs' pictures in advertisements without their consent. In the July 17 order, the district court granted Defendants' motion for summary judgment on all claims except for Burciaga's claim for compensatory damages under NYCRL sections 50 and 51 for the unauthorized use of one

---

[1] The district court also dismissed Plaintiffs' state law claims for defamation and deceptive trade practices, but Plaintiffs have not appealed that ruling.

image. The court granted Burciaga summary judgment as to that claim and directed the parties to brief their proposed damages award. After reviewing the parties' submissions, the district court issued the March 28 judgment holding Defendants jointly and severally liable to Burciaga in the amount of $5,000.

### 1. July 17 Order

We review a district court's grant of summary judgment without deference to the district court. *See Brandon v. Kinter*, 938 F.3d 21, 31 (2d Cir. 2019). Summary judgment may be granted "only if the court concludes that the case presents 'no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"[2] *Rubens v. Mason*, 527 F.3d 252, 254 (2d Cir. 2008) (quoting Fed. R. Civ. P. 56(c)). We recently clarified that we review a district court's analysis of the likelihood of consumer confusion for purposes of a Lanham Act claim as a question of law, without deference to the district court's weighing of the various relevant factors. *Souza v. Exotic Island Enters., Inc.*, 68 F.4th 99, 109 (2d Cir. 2023).

For the reasons set forth below, we reject Plaintiffs' various challenges to the district court's order granting summary judgment for Defendants on

---

[2] In quotations from caselaw and the parties' briefing, this order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

4

Plaintiffs' claims for "false endorsement" under section 43(a) of the Lanham Act, and we conclude that the district court properly determined that all of Plaintiffs' claims for violation of their right of publicity under NYCRL section 51, except for one of Burciaga's claims, were barred by the statute of limitations.

### a. *Lanham Act Claims*

The Lanham Act prohibits the "use[ ] in commerce [of] any word, term, name, symbol, or device, or any combination thereof . . . likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(A).

Plaintiffs' argument that the district court should have concluded as a matter of law that consumer confusion could result from the false association suggested by Defendants' use of Plaintiffs' photos is foreclosed by our precedential decisions in *Souza*, 68 F.4th at 109-12, and *Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233, 257 (2d Cir. 2020), *cert. denied*, 142 S. Ct. 563 (2021). In both cases, we considered similar claims by models whose images had been used in advertisements without their consent. In *Electra,* we explained that the proponent of a false endorsement claim under the Lanham Act "must prove (1)

that the mark . . . is distinctive as to the source of the good or service at issue, and (2) that there is the likelihood of confusion between the plaintiff's good or service and that of the defendant." *Electra*, 987 F.3d at 257. We did not suggest that the falsity of the implied association between Plaintiffs and defendant establishments obviated Plaintiffs' burden to show likely consumer confusion.

To the extent that this approach to the false endorsement claim diverges from our caselaw involving false advertising, that result is consistent with the fact that the two types of claims are distinct. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 122 (2014) (explaining that false association and false advertising claims under the Lanham Act are distinct). Whereas the text of the Lanham Act's false association provision requires that the false or misleading representation of fact be "likely to cause confusion," its false advertising provision requires only that a person "misrepresent[]." *Compare* 15 U.S.C. § 1125(a)(1)(A), *with id.* § 1125(a)(1)(B).

We likewise reject Plaintiffs' argument that the district court applied the wrong burden of proof in assessing Defendants' motion for summary judgment. Even at the summary judgment stage, Plaintiffs must produce sufficient evidence to establish their entitlement to relief. *Selevan v. New York Thruway Auth.*, 711 F.3d 253, 256 (2d Cir. 2013) ("A defendant is entitled to summary judgment

6

where the plaintiffs have failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in [the plaintiffs'] favor on an essential element of a claim on which the plaintiffs bear the burden of proof.").

We agree with the district court's application of the *Polaroid* factors in assessing the likelihood of confusion in this case. *See Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961). As is most relevant here, these factors include the strength of the mark, evidence of actual consumer confusion, evidence that the mark was adopted in bad faith, proximity of the products, and sophistication of the consumers. *See id.*; *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 116 (2d Cir. 2009).

Plaintiffs' argument that in false endorsement cases, the strength of the mark should be evaluated with reference to its distinctiveness, rather than the recognizability of the individual plaintiffs, is at odds with our conclusion in *Electra* that the strength of the plaintiffs' marks should be analyzed with reference to the respective plaintiffs' recognizability or public prominence. *See* 987 F.3d at 258. We expanded on this conclusion in *Souza*, commenting that the *Electra* panel's focus on recognizability "serves the purposes of trademark law in the false endorsement context." 68 F.4th at 112.

With respect to evidence of actual confusion, we reject Plaintiffs' argument that the district court improperly ignored their expert evidence. In their summary judgment briefing responding to Defendants' challenges to Plaintiffs' expert evidence, Plaintiffs stated that they "did not rely on any expert survey or report on their motion for summary judgment." Jt. App'x 1393. More specifically, in their response to Defendants' Rule 56.1 statement, Plaintiffs stated, "As set forth in Plaintiffs' brief in support of their motion for summary judgment, Plaintiffs have in no manner relied on [the expert's] survey or report to establish Plaintiffs' entitlement to relief at this time." Jt. App'x 1474. They further emphasized, "[the expert's] methodology, survey, and report, including the issues he addresses therein and the questions he poses, are not a subject of Defendants' motion for summary judgment." *Id*. at 1475. Plaintiffs' suggestion on appeal that the district court should have considered their expert evidence or that their disavowal of reliance on any expert report was limited to *their own* summary judgment motion is not supported by the record.

The district court's analysis of bad faith in the context of the Lanham Act claim was also not erroneous. There is no evidence that Defendants knew Plaintiffs' identities when they used Plaintiffs' photos or that they intended to confuse consumers. *See Sports Auth., Inc. v. Prime Hosp. Corp.*, 89 F.3d 955, 964 (2d

8

Cir. 1996) ("Under this factor, we look to whether the defendant adopted its mark with the *intention* of capitalizing on plaintiff's reputation and goodwill and any confusion between [the defendant's] and the senior user's product." (emphasis added)).

We also reject Plaintiffs' argument that their products are "proximate" to Defendants' because both seek to attract clients using the image of a beautiful woman. The district court did not err in concluding that Plaintiffs failed to offer any evidence of geographic proximity, such as evidence that Plaintiffs' followers on social media live in New York City. *See Brennan's, Inc. v. Brennan's Rest., L.L.C.*, 360 F.3d 125, 134-35 (2d Cir. 2004) (concluding that though the plaintiff established market proximity, the competitive proximity factor weighed in the defendants' favor because the plaintiff did not show geographic proximity). Even in the face of some competitive proximity, this factor would not outweigh the other factors that suggest minimal risk of consumer confusion.

The sophistication of customers is not likely a significant factor in this case, but insofar as Plaintiffs argued to the district court that the consumers at issue are sophisticated, we cannot fault the district court for accepting that characterization in evaluating the *Polaroid* factors. Even accepting Plaintiffs' new argument on appeal that the consumers are in fact not sophisticated, this is not a

factor that would override the other factors that indicate little risk of consumer confusion.

For these reasons, we conclude that the district court correctly dismissed Plaintiffs' Lanham Act claim.

> b. *Right of Publicity Under NYCRL §§ 50-51*

Our recent decision in *Souza* forecloses Plaintiffs' argument that the district court erred in concluding that almost all of their right of publicity claims under NYCRL sections 50 and 51 were time-barred. In *Souza,* this Court definitively rejected the argument, advanced by Plaintiffs here, that because the right of publicity protects a commercial property interest rather than a personal interest, Plaintiffs' right of publicity claim should be governed by the three-year limitations period for property damage set forth in N.Y. C.P.L.R. § 214(4) instead of the one-year statute of limitations applicable to right-to-privacy claims under N.Y. C.P.L.R. § 215(3). *See Souza*, 68 F.4th at 121-22.

## 2. **March 28 Damages Judgment**

With respect to Plaintiff Burciaga's argument that the district court's award of damages on her NYCRL section 51 claim violated her Seventh Amendment right to a jury trial, we conclude that Burciaga waived her demand for a jury through her conduct.

At the conclusion of its summary judgment ruling, which awarded Plaintiff Burciaga summary judgment on liability with respect to the publication of one image in violation of her right of publicity, the district court directed Plaintiffs "to submit proposed damages for Burciaga's claim and a memorandum of law in support of that proposal by July 31, 2019." Sp. App'x 36. The court gave Defendants time to respond.

Plaintiffs timely filed a fifteen-page memorandum attaching Burciaga's expert's report and laying out her argument for damages. The memo concludes, "For the foregoing reasons, Plaintiffs respectfully request that the proposed judgment submitted herewith in the amount of [$160,000] be entered by the Court, and that this Court grant such other relief as it deems just and proper." Jt. App'x 1754. Their reply memo included the same prayer for relief. Jt. App'x 1916. Plaintiffs submitted a proposed judgment and order for the district court to sign. At no point in this briefing process did Plaintiffs ask for a jury trial on damages or challenge the district court's process for resolving the remaining issue in the case.

Because Burciaga did not object to the district court's resolving the damages question without a jury trial, and affirmatively requested that the court enter a judgment for damages, she waived any challenge on appeal based on her

11

complaint's initial jury demand. *See Royal Am. Managers, Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1018 (2d Cir. 1989) ("It would be patently unfair and, in effect, an ambush of the trial judge on appeal if appellant were allowed to lodge an early demand for a jury, participate in a bench trial without objection, and then assign as error the failure to honor the jury demand.").

* * *

We have considered Plaintiffs' remaining arguments and conclude that they are without merit. For the above reasons, the district court's order and judgment are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court